IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CAMITT DOUGHTON,

    Petitioner,                    No. 2: 11-cv-2252 KJN P

    vs.

WARDEN McDONALD, et al.,

    Respondents.              ORDER

_____/

        Petitioner, a state prisoner proceeding without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        The petition clearly raises three claims: 1) alleged denial of the right to cross-examine adverse witnesses; and 2) alleged jury instruction error (two claims). These claims are exhausted in that they have been presented to the California Supreme Court.

        It appears that petitioner may also be raising three additional claims: 1) ineffective assistance of appellate counsel; 2) ineffective assistance of counsel; and 3) insufficient evidence.

1   Petitioner is presently pursuing habeas corpus petitions in the California courts where he is
2   apparently raising these claims. In other words, these claims are not exhausted.

3         The exhaustion of state court remedies is a prerequisite to the granting of a
4   petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must
5   be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion,
6   thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by
7   providing the highest state court with a full and fair opportunity to consider all claims before
8   presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.
9   Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

10         A court may stay a petition while the petitioner returns to state court to exhaust
11   state court remedies and hold it in abeyance pursuant to either Kelly v. Small, 315 F.3d 1063 (9th
12   Cir. 2003) or Rhines v. Weber, 544 U.S. 269 (1995). King v. Ryan, 564 F.3d 1133, 1135 (9th
13   Cir. 2009). The procedure varies depending on whether the petition presents fully exhausted
14   claims, or a mix of exhausted and unexhausted claims.

15         Under Kelly, the petitioner amends his petition to delete any unexhausted claims,
16   and the court then stays and holds in abeyance the amended, fully exhausted petition, allowing
17   the petitioner the opportunity to proceed to state court to exhaust the deleted claims. Id. Later,
18   the petitioner amends his petition to add the newly-exhausted claims to the original petition. Id.

19         Under Rhines, a court may stay a mixed petition, i.e., one containing exhausted
20   and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts.
21   Rhines, 544 U.S. at 277. Under Rhines, "'stay-and-abeyance is only appropriate when the
22   district court determines there was good cause for the petitioner's failure to exhaust his claims
23   first in state court.'" King, 564 F.3d at 1139 (quoting Rhines, 544 U.S. at 277-78). The Kelly
24   procedure, which remains available after Rhines, does not require a showing of good cause.
25   King, 564 F.3d at 1140.
26   ////

Both Kelly and Rhines "are directed at solving the same problem – namely, the interplay between AEDPA's one-year statute of limitations and the total exhaustion requirement first articulated in Rose v. Lundy, 455 U.S. 509 (1982)." King, 564 F.3d at 1136. The Rhines procedure "eliminates entirely any limitations issue with regard to the originally unexhausted claims, as the claims remain pending in federal court throughout." Id. at 1140. On the other hand, "[a] petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely." Id. at 1140-41. Because the Kelly procedure requires petitioners to dismiss their unexhausted claims and then attempt to add them back into the federal petition later, the Kelly procedure does not protect a petitioner's unexhausted claims from untimeliness.

Petitioner is directed to file short, further briefing clarifying the claims he intends to raise in this action. If petitioner intends to raise his unexhausted claims in addition to his exhausted claims, he may seek a stay of this action in order to exhaust the unexhausted claims in state court. Accordingly, if petitioner intends to raise the unexhausted claims, he shall also file a request to stay this action. In this request, petitioner shall inform the court whether he seeks a stay pursuant to the procedures outlined in Rhines or Kelly. If petitioner requests a stay pursuant to Rhines, his further briefing shall address the issue of good cause, i.e. why he failed to exhaust his unexhausted claims in state court before filing this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis is granted;

2. Within twenty-one days of the date of this order, petitioner shall file the further briefing discussed above.

DATED: September 14, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

dou2252.ord