IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CAMITT DOUGHTON,

    Petitioner,                    No. 2: 11-cv-2252 KJN P

    vs.

WARDEN McDONALD, et al.,

    Respondents.               <u>ORDER</u>

_____/

        Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of the undersigned.

        On September 15, 2011, the undersigned issued an order finding that the original petition raised both exhausted and unexhausted claims. The petition raised the following exhausted claims: 1) alleged denial of right to cross-examine adverse witness; and 2) alleged jury instruction error (two claims). The petition raised the following unexhausted claims: 1) ineffective assistance of appellate counsel; 2) ineffective assistance of counsel; and 3) insufficient evidence.

////

////

1

        The September 15, 2011 order granted petitioner twenty-one days to inform the court whether he wished to proceed on the exhausted claims only or whether he wished to stay this action in order to exhaust the unexhausted claims.  If petitioner sought a stay, petitioner was directed to address whether he sought the stay pursuant to the procedures outlined in <u>Rhines v. Weber</u>, 544 U.S. 269 (1995) or <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003).  The September 15, 2011 order set forth the standards for stays pursuant to both <u>Rhines</u> and <u>Kelly</u>.

        On September 29, 2011, petitioner filed a motion to stay.  Petitioner states that he is requesting a stay pursuant to <u>Kelly</u> because he is exhausting four claims: 1) ineffective assistance of counsel; 2) insufficient evidence; 3) suggestive photo lineup; and 4) ineffective assistance of appellate counsel.

        As discussed in the September 15, 2011 order, for a stay pursuant to <u>Kelly</u>, the petitioner amends his petition to delete any unexhausted claims, and the court then stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims.  <u>King v. Ryan</u>, 564 F.3d 1133, 1135 (9th Cir. 2009) (discussing procedures for staying habeas actions pursuant to <u>Kelly</u>).  Later, the petitioner amends his petition to add the newly-exhausted claims to the original petition.  <u>Id.</u>

        "A petitioner seeking to use the <u>Kelly</u> procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely."  <u>Id.</u> at 1140-41.  Because the <u>Kelly</u> procedure requires petitioners to dismiss their unexhausted claims and then attempt to add them back into the federal petition later, the <u>Kelly</u> procedure does not protect a petitioner's unexhausted claims from untimeliness.

        Good cause appearing, petitioner's motion to stay pursuant to <u>Kelly</u> is granted.  Petitioner did not file an amended petition containing his exhausted claims only.  Rather than requiring petitioner to file an amended petition, the undersigned orders the unexhausted claims stricken.  Once petitioner exhausts his unexhausted claims, he shall immediately file a notice of

1 | exhaustion and an amended petition containing all of his exhausted claims.

2 |     Accordingly, IT IS HEREBY ORDERED that:

3 |     1. Petitioner's motion to stay (Dkt. No. 7) is granted;

4 |     2. This action is administratively stayed pending petitioner's exhaustion of

5 | unexhausted claims;

6 |     3. The three unexhausted claims contained in the petition are stricken.

7 | DATED: October 13, 2011

 

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

do2252.sta